SLIP OPINION

Cite as 2014 Ark. App. 444

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR–13–916

| | |
|---|---|
| ROBERT LEE SANDRELLI<br>APPELLANT | Opinion Delivered September 3, 2014 |
| V. | APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT [NO. CR-12-1189] |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE J. MICHAEL FITZHUGH, JUDGE |
| | REBRIEFING ORDERED |

**PHILLIP T. WHITEAKER, Judge**

Appellant Robert Lee Sandrelli was convicted by a Sebastian County jury of four counts of rape and was sentenced to four consecutive sentences of thirty-five years to be served in the Arkansas Department of Correction. Sandrelli appeals the convictions, challenging the sufficiency of the evidence. However, we cannot address the sufficiency-of-the-evidence issue at this time because rebriefing is necessary pursuant to Arkansas Supreme Court Rule 4-2 (2013).

Arkansas Supreme Court Rule 4-2(a)(8) requires that an appellant's brief include an addendum consisting of all documents essential to this court's resolution of the issues on appeal, including exhibits such as CDs and DVDs. Rule 4-2(a)(8) further requires that all stenographically reported materials introduced as an exhibit be abstracted.

SLIP OPINION

Sandrelli's abstract and addendum do not comply with these provisions. At trial, the State introduced and played three audio recordings for the jury: two interviews between Sandrelli and the police and one interview between the victim and a forensic interviewer. Sandrelli, however, failed to include copies of the audio recordings in his addendum as required by our rules. Additionally, transcripts of these interviews were also admitted into evidence and are contained in the record. While Sandrelli did abstract his interviews with the police, he failed to abstract the interview between the victim and the forensic interviewer as required.

Because Sandrelli's abstract and addendum are inadequate, we order him to file within fifteen days of this opinion a substituted abstract, brief, and addendum that complies with our rules. *See* Ark. Sup. Ct. R. 4-2(b)(3). We remind counsel that the examples we have noted are not to be taken as an exhaustive list of deficiencies and ask that counsel carefully review the rules to ensure that no other deficiencies exist.

Rebriefing ordered.

GLADWIN, C.J., and PITTMAN, J., agree.

*David L. Dunagin*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Valerie Glover Fortner*, for appellee.