

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR–13–916

| | |
|---|---|
| ROBERT LEE SANDRELLI | Opinion Delivered February 25, 2015 |
| APPELLANT | APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT [NO. CR-12-1189] |
| V. | |
| | HONORABLE J. MICHAEL FITZHUGH, JUDGE |
| STATE OF ARKANSAS | |
| APPELLEE | AFFIRMED |

**PHILLIP T. WHITEAKER, Judge**

Appellant Robert Lee Sandrelli was convicted by a Sebastian County jury of four counts of rape and was sentenced to four consecutive sentences of 35 years each to be served in the Arkansas Department of Correction. He appeals, asserting that there was insufficient evidence corroborating the victim's testimony.[1] Because there is no requirement that a rape victim's testimony be corroborated in order to be sufficient, we affirm.

Our standard of review is well settled. In reviewing a challenge to the sufficiency of the evidence, this court determines whether the verdict is supported by substantial evidence, direct or circumstantial. *See Smoak v. State*, 2011 Ark. 529, 385 S.W.3d 257. Substantial evidence is evidence forceful enough to compel a conclusion one way or the other beyond suspicion or conjecture. *See id.* This court views the evidence in the light most favorable to

---

[1]This appeal reaches us for the second time after rebriefing was ordered due to inadequacies in appellant's abstract and addendum, which have now been corrected. *Sandrelli v. State*, 2014 Ark. App. 444.

the verdict, and only evidence supporting the verdict will be considered. *See id.* We now turn to a review of the evidence primarily as presented by the testimony of the victim, G.H.

G.H. is the fourteen-year-old son of Sandrelli. On his tenth birthday, G.H. was sexually abused by Sandrelli for the first time. Sandrelli continued to sexually abuse G.H. almost weekly thereafter. G.H. described the sexual abuse as acts of oral sex, where Sandrelli would perform oral sex on G.H. and force G.H. to perform oral sex on Sandrelli. G.H. also testified that Sandrelli attempted to rape him anally. In addition to the acts of rape, Sandrelli would physically abuse G.H. G.H. reported that Sandrelli was a heavy drinker and that drinking beer was a contributing factor to both the physical and sexual abuse.

On October 6, 2012, G.H. left Sandrelli's home due to physical abuse from Sandrelli. He went to a neighbor's home and made contact with his sister. He reported to his sister, for the first time, that his father, Robert Sandrelli, was physically and sexually abusing him. She convinced him to contact the police, which he did. Law enforcement investigation of these allegations included interviews, a physical examination of G.H., a search of Sandrelli's home, and submissions to the crime lab. The physical examination of G.H. showed no tangible signs of sexual abuse, and no DNA evidence for Sandrelli was found on items submitted to the crime lab. However, G.H. did have signs of physical abuse on his body, and the search of the home did reveal that there was no food in the refrigerator, only beer.

After trial, Sandrelli was convicted of four counts of rape and was sentenced to a combined total of 140 years in the Arkansas Department of Correction. Sandrelli appeals, arguing that there was insufficient evidence to support his rape convictions. More specifically,

he contends that there was no corroborating testimony to support the victim's contention that a rape had occurred. To support his argument, he emphasizes the fact that there was no physical evidence of penetration and that DNA evidence that would have corroborated the victim's testimony was not found. He further asserts that evidence was presented that the boy's mother had been trying to regain custody of the victim and that the boy wanted to live with her; in essence, challenging the victim's credibility.

A person commits rape if he or she engages in sexual intercourse or deviate sexual activity with another person who is less than fourteen years of age. *See* Ark. Code Ann. § 5-14-103(a)(3)(A) (Repl. 2013). "Deviate sexual activity" is defined as "any act of sexual gratification" involving "[t]he penetration, however slight, of the anus or mouth of a person by the penis of another person." Ark. Code Ann. § 5-14-101(1)(A) (Repl. 2013).

Here, the victim, G.H., testified that Sandrelli had sexually abused him since he was ten years old. He described the acts of sexual abuse, which included oral sex and attempted anal sex. The description of the acts of oral sex involved the penetration of Sandrelli's penis into the mouth of G.H. A rape victim's uncorroborated testimony describing penetration may constitute substantial evidence to sustain a conviction of rape, even when the victim is a child. *Brown v. State*, 374 Ark. 341, 288 S.W.3d 226 (2008). The rape victim's testimony need not be corroborated, and scientific evidence is not required. *Kelley v. State*, 375 Ark. 483, 292 S.W.3d 297 (2009). Moreover, it is the function of the jury, and not the reviewing court, to evaluate the credibility of witnesses and to resolve any inconsistencies in the evidence. *Vance*


*v. State*, 2011 Ark. 392, 384 S.W.3d 515. G.H.'s testimony alone is sufficient to support the jury's verdict.

Affirmed.

HARRISON and VAUGHT, JJ., agree

*David L. Dunagin*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Valerie Glover Fortner*, Ass't Att'y Gen., for appellee.