SLIP OPINION

Cite as 2015 Ark. 450

# SUPREME COURT OF ARKANSAS

**No.** CR–15–530

| | |
|---|---|
| ROBERT LEE SANDRELLI<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered** December 3, 2015<br><br>APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT [NO. CR-2012-1189]<br><br>HONORABLE J. MICHAEL FITZHUGH, JUDGE<br><br>REBRIEFING ORDERED. |

## PER CURIAM

Robert Sandrelli was convicted of four counts of rape. Our court of appeals affirmed the convictions. *See Sandrelli v. State*, 2015 Ark. App. 127. Sandrelli then filed a Rule 37 petition, alleging three instances of ineffective assistance of counsel. The circuit court entered a written order denying the petition without a hearing. On appeal, Sandrelli argues that he was entitled to a hearing on his allegations. We find that Sandrelli's abstract is deficient and order rebriefing.

There were two jury trials in this case. The first trial was held in August 2013. Sandrelli's attorney presented numerous character witnesses, and Sandrelli himself testified. The jury could not reach a unanimous verdict, so the circuit court declared a mistrial. A second jury trial was held in September 2013. At this trial the defense called no witnesses at all. The jury returned a guilty verdict. According to Sandrelli's Rule 37 petition, his attorney's decision to call no witnesses at the second jury trial amounted to ineffective assistance of counsel.

However, Sandrelli's abstract covers only the testimony from the first trial. The abstract contains nothing from the second trial, which is the one where Sandrelli claims he received ineffective assistance of counsel. We are unable to assess the circuit court's denial, without a hearing, of his Rule 37 petition for ineffective assistance of counsel during the second trial without any part of that trial included in the abstract.

We find that some information from the second trial, including but not limited to the statements of counsel and witnesses' testimony, is material because this information is essential for us to understand the case and decide the issues on appeal. *See* Ark. Sup. Ct. R. 4-2(a)(5)(A) (2015). For example, in denying Sandrelli's petition without a hearing, the circuit court noted that Sandrelli's attorney informed the court during the second jury trial that he intended to call no witnesses; however, this exchange is not included in the abstract. We also have no abstract regarding the events after the State rested its case-in-chief, even if all that happened was the absence of a defense. In addition, a substantive review of the entire second trial would be necessary to determine Sandrelli's entitlement to a hearing. We encourage counsel to review Ark. Sup. Ct. R. 4-2 in its entirety to ensure no additional deficiencies are present.

We order Sandrelli to file a substituted brief within fifteen calendar days to cure the deficiencies in his brief. Ark. Sup. Ct. R. 4-2(b)(3). After service of the substituted brief, the State shall have an opportunity to file a responsive brief in the time prescribed by the supreme court clerk, or it may choose to rely on its brief previously filed in this appeal. *See Carter v. Cline*, 2011 Ark. 266 (per curiam).

Rebriefing ordered.