SLIP OPINION

Cite as 2016 Ark. 103

# SUPREME COURT OF ARKANSAS

**No.** CR–15–530

| | |
|---|---|
| ROBERT LEE SANDRELLI | **Opinion Delivered** March 10, 2016 |
| APPELLANT | APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT [NO. CR-2012-1189] |
| V. | |
| STATE OF ARKANSAS | HONORABLE J. MICHAEL FITZHUGH, JUDGE |
| APPELLEE | AFFIRMED IN PART; REVERSED AND REMANDED IN PART. |

## RHONDA K. WOOD, Associate Justice

Robert Sandrelli was convicted of four counts of rape. After our court of appeals affirmed the convictions, *see Sandrelli v. State*, 2015 Ark. App. 127, Sandrelli filed a Rule 37 petition alleging three instances of ineffective assistance of counsel. The circuit court denied the petition without a hearing by a written order. Sandrelli has appealed and argues that he was entitled to a hearing on his allegations.[1] We affirm in part and reverse and remand in part.

This criminal case began when Robert Sandrelli's son accused him of rape. A jury trial was held in August 2013. The State presented evidence from the victim and law-enforcement officials. Sandrelli testified in his own defense and denied all the allegations.

---

[1] We ordered rebriefing after we found a deficiency in the abstract. *Sandrelli v. State*, 2015 Ark. 450 (per curiam). This deficiency has been corrected.

The defense also presented evidence from five character witnesses who attested to Sandrelli's character for truthfulness. The jury could not reach a unanimous verdict, so the court declared a mistrial. The State refiled the charges, and second jury trial was held in September 2013. The State's case was substantially similar to the one it presented in the first trial. But in the second trial, the defense presented no witnesses. The jury was able to reach a verdict and convicted Sandrelli of four counts of rape.

After the court of appeals issued its mandate, Sandrelli filed a Rule 37 petition wherein he alleged ineffective assistance of counsel. The petition contained three primary allegations of his attorney's deficient performance during the second jury trial: (1) the attorney had resigned as managing public defender and was under emotional and professional stress; (2) the attorney failed to call any witnesses on Sandrelli's behalf; and (3) the attorney unilaterally decided that Sandrelli should not testify. The circuit court denied the petition without a hearing. It ruled that the first allegation was conclusory and could not form the basis for a claim of ineffective assistance. The court further ruled that the decisions regarding which witnesses to call and whether Sandreilli would testify were matters of trial strategy, which also forms no basis for postconviction relief.

This court does not reverse a denial of postconviction relief unless the circuit court's findings are clearly erroneous. *Polivka v. State*, 2010 Ark. 152, 362 S.W.3d 918. "A finding is clearly erroneous when, although there is evidence to support it, the appellate court after reviewing the entire evidence is left with the definite and firm conviction that a mistake has been committed." *State v. Barrett*, 371 Ark. 91, 95, 263 S.W.3d 542, 545 (2007).

Rule 37.3 of the Arkansas Rules of Criminal Procedure provides that an evidentiary hearing should be held in a postconviction proceeding unless the files and record of the case conclusively show that the prisoner is entitled to no relief. *Wooten v. State*, 338 Ark. 691, 1 S.W.3d 8 (1999). If the files and the record show that the petitioner is not entitled to relief, the circuit court is required to make written findings to that effect. Ark. R.Crim. P. 37.3(a). Conclusory allegations that are unsupported by facts do not provide a basis for either an evidentiary hearing or postconviction relief. *Henington v. State*, 2012 Ark. 181, 403 S.W.3d 55.

We assess the effectiveness of counsel under the two-prong standard set forth by the Supreme Court of the United States in *Strickland v. Washington*, 466 U.S. 668 (1984). Under this standard, the petitioner must first show that counsel's performance was deficient. *Feuget v. State*, 2015 Ark. 43, 454 S.W.3d 734. This requires a showing that counsel made errors so serious that counsel deprived the petitioner of the counsel guaranteed to the petitioner by the Sixth Amendment. *Id*. Second, the deficient performance must have resulted in prejudice so pronounced as to have deprived the petitioner of a fair trial whose outcome cannot be relied on as just. Both showings are necessary before it can be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *Id*.

We agree with the circuit court that the first allegation regarding defense counsel's stress level was conclusory; therefore, this claim cannot form the basis for postconviction relief. Sandrelli never alleged how his counsel's stress level led to specific instances of

deficient conduct. Nor has he alleged how his counsel's stress level could have altered the outcome of his trial. The record conclusively shows that Sandrelli is entitled to no relief on this basis, and the circuit court's decision to dismiss this part of the petition without a hearing was not clearly erroneous.

The same is not true for Sandrelli's second and third claims for relief. The circuit court held that defense counsel's failure to call any witnesses, including Sandrelli, was not deficient performance because the decision to call witnesses is a matter of trial strategy. For support, the court noted Sandrelli's presence during voir dire when his counsel announced he did not anticipate calling any witnesses. Because of this, the court concluded that Sandrelli and his counsel must have agreed, pre-trial, that no witnesses would be called. This finding is clearly erroneous because there were no facts before the court to support it. Generally, the decision to call a witness is a matter of trial strategy. *See Stiggers v. State*, 2014 Ark. 184, 433 S.W.3d 252. Still, such strategic decisions must be supported by reasonable professional judgment. *Id.* Based on the record in this case, the court had no way of knowing whether counsel's decisions were based on his reasonable judgement without a hearing.

In addition, the record fails to conclusively show that counsel's failure to call additional witnesses resulted in no prejudice. The circuit court addressed this point by stating that counsel's failure to call character witnesses did not create a reasonable probability of a different outcome. But this ruling contradicts the facts of this case, which are unusual because a "control" case already exists. In Sandrelli's first trial, the jury failed to reach a verdict; in the second trial, the jury convicted. In the first trial, the defense offered a robust

case, with five character witnesses and the defendant's own testimony; but in the second trial, the defense offered no case at all. Thus, Sandrelli has a colorable claim that he was prejudiced because in the first trial there was, in fact, a different outcome.

Again, this appeal presents an unusual case because the first jury trial resulted in a hung jury. Despite this outcome, Sandrelli's counsel called no witnesses in the second trial. This decision must be supported by reasonable professional judgment. The record and files do not conclusively show that it was. Therefore, we reverse and remand for the circuit court to hold a hearing to determine whether counsel's failure to call witnesses was based on reasonable judgment and, if not, whether this failure prejudiced Sandrelli.

Affirmed in part; reversed and remanded in part.

DANIELSON, J., concurs.

**PAUL DANIELSON, Justice, concurring.** I concur in the disposition of this case. However, I would reverse and remand for an evidentiary hearing for the simple reason that the petition and record do not conclusively show that Sandrelli is entitled to no relief on his claim that his trial counsel did not consult him before deciding that he would not testify. *See* Ark. R. Crim. P. 37.3; *Beverage v. State*, 2015 Ark. 112, 458 S.W.3d 243. It is well settled that an accused has the right to choose whether to testify in his own behalf and that counsel may only advise the accused in making this decision. *See, e.g.*, *Chenowith v. State*, 341 Ark. 722, 19 S.W.3d 612 (2000) (per curiam). Without an evidentiary hearing, we cannot conclusively determine whether counsel's performance on this issue was deficient and, if so, whether it prejudiced the defense.

*Barham Law Office, P.A.*, by: *R. Kevin Barham*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Kristen C. Green*, Ass't Att'y Gen., for appellee.