Cite as 2021 Ark. 41

# SUPREME COURT OF ARKANSAS
No. CR-20-367

| | | |
|---|---|---|
| JONATHAN RYAN HILL | | **Opinion Delivered:** March 4, 2021 |
| | APPELLANT | APPEAL FROM THE FAULKNER COUNTY CIRCUIT COURT [NO. 23CR-15-518] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE CHARLES E. CLAWSON, JR., JUDGE |
| | APPELLEE | |
| | | AFFIRMED. |

**RHONDA K. WOOD, Associate Justice**

A jury convicted and sentenced Jonathan Hill to life imprisonment for aggravated residential burglary. Here, he appeals the circuit court's dismissal of his Rule 37 petition for ineffective assistance of counsel on several grounds. We affirm.

## I. *Background*

In the middle of the night, Hill entered a home where Cornelia Dillard and Donna Salvo were staying. Dillard, who was asleep in the living room, told police that a white male intruder woke him, held a knife against his throat, and demanded money and pills. Dillard said he did not have any but suggested that Donna, who was sleeping in the next room, may have them. The intruder proceeded to Donna's room.

At trial, Donna testified that she was asleep in bed but woke up after someone said her name. She saw Hill enter her room, and he asked her where the money and pills were. She testified that Hill then threw her down and grabbed a shotgun, which was propped in the corner of the bedroom. Hill pointed the shotgun at her and pulled the trigger, but the gun did not fire.

Dillard then entered the room armed with a pistol. Hill pointed the shotgun at Dillard, but Dillard fired first, striking Hill. Hill dropped the shotgun and jumped out of the bedroom window. When Dillard and Donna left the bedroom, they saw Stacy Wright, Hill's girlfriend, who asked, "Is he still in there?" Donna responded, "No. Get out of here," and Wright left. Police later arrested Hill, who was being treated for a gunshot wound at a nearby hospital. Hill's defense was that he accompanied Wright to Dillard's home so she could purchase drugs. Hill remained outside until he heard Wright screaming, then he entered the premises to protect Wright and was shot and escaped out of the bedroom window.

A jury convicted Hill of aggravated residential burglary and sentenced him to life in prison. It acquitted him of aggravated robbery, aggravated assault, and the firearm enhancement on all three charges. The jury sentenced him to life imprisonment as a violent-felony-habitual offender. Hill appealed his conviction, and we affirmed. *Hill v. State*, 2018 Ark. 194, 546 S.W.3d 483. He filed a Rule 37 petition claiming that his trial counsel was ineffective on ten grounds, three of which he raises on appeal. Following a hearing, the court denied his petition. On appeal, he contends counsel was ineffective for (1) failing to argue that the victims staged the crime scene; (2) failing to attempt to exclude evidence of the knife; and (3) failing to recognize the danger in requesting a second extraction of his cell phone, which led to inculpatory evidence.

II. *Analysis*

When making a postconviction claim of ineffective assistance of counsel under the two prongs of the *Strickland* test, Hill must show both that his counsel's performance was deficient and that the deficient performance prejudiced the defense so that it deprived him of a fair trial. *Strickland v. Washington*, 466 U.S. 668 (1984). Under the deficiency prong, Hill must show that

counsel made errors so serious that he was deprived of counsel guaranteed by the Sixth Amendment. *Sandrelli v. State*, 2016 Ark. 103, 485 S.W.3d 692. He must also show that there is a reasonable probability that the fact-finder's decision would have been different absent counsel's errors.

We do not reverse the grant or denial of postconviction relief unless the circuit court's findings are clearly erroneous. *Swain v. State*, 2017 Ark. 117, 515 S.W.3d 580. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with a definite and firm conviction that a mistake has been made. *Id.*

A. Crime-Scene Staging

Hill first argues that his trial counsel were ineffective because they failed to investigate and present evidence at trial that the victims had staged the bedroom scene. He claims counsel failed to cross-examine Donna and police about three items—the shotgun, the knife, and appellant's cell phone, which he alleges Dillard and Donna rearranged to fit their narrative of events.

More specifically, Hill claims that crime scene evidence from police showed that the shotgun was neatly propped in the corner of Donna's bedroom when they searched the house. Yet Hill argues that if Donna's testimony is accurate, the shotgun should have been found on the floor. Logically, Hill contends that he would have dropped the shotgun after Dillard shot him and before he jumped out of the bedroom window rather than place it neatly back in the corner. Both Donna and the police testified that they did not move the shotgun. Similarly, Hill claims that police photographs show an open knife on the bedroom floor. Donna testified the

3

knife was not hers, but, assuming that the knife was Hill's, he contends that he could not have wielded the knife and the shotgun at the same time.

Finally, Hill claims that police discovered his cell phone outside its OtterBox case and in pieces on the bedroom floor. But merely dropping the phone on carpet would not have made it come out of the case, and part of the case was found underneath a piece of clothing. Hill contends that Dillard and Donna staged the scene by removing the case and dismantling the cell phone and that his counsel should have pursued this theory at trial.

At the Rule 37 hearing, Hill's trial attorneys testified that they had discussed and considered arguing to the jury that the crime scene had been staged, but after debating that strategy, they ultimately made the decision "not to head down that." Both conceded in hindsight that they had made the wrong decision. Still, "hindsight has no place in a review of effective assistance of counsel." *Williams v. State*, 347 Ark. 371, 378, 64 S.W.3d 709, 715 (2002). Matters of trial strategy and tactics even if arguably later shown improvident, are not grounds for a finding of ineffective assistance of counsel. *Howard v. State*, 367 Ark. 18, 238 S.W.3d 24 (2006). Furthermore, even though Hill asked his attorney to demonstrate that dropping his phone would not make it fall out of the case, an attorney need not advance every argument urged by her client. *Sartin v. State*, 2012 Ark 155, 400 S.W.3d 694.

The circuit court's finding that Hill's counsel's performance was not deficient was not clearly erroneous. Hill failed to establish that his counsel's strategic decision not to pursue the theory that the victims staged the bedroom was not supported by reasonable professional judgment. Hill's attorneys made a tactical decision not to develop this theory. Even if the decision seems improvident in hindsight, it is not a ground for postconviction relief for ineffective assistance of counsel.

4

## B. Evidence of the Knife

Next, Hill argues that his trial counsel were insufficient because they failed to ask the court to exclude evidence of the knife. He asserts that his counsel should have objected to testimony and evidence about the knife during trial and objected to the State's closing argument that the jury should consider the knife as part of an element of the charged crimes.[1]

Hill failed to show that his trial attorneys' representation was deficient under the first *Strickland* prong. Pretrial, Hill's attorneys successfully excluded Dillard's statement to police that Hill wielded a knife when he entered the home. They also obtained trial testimony from police that Hill's fingerprints and DNA were not found on the knife. At the Rule 37 hearing, Hill's attorney testified that he made the decision not to move to exclude the knife at trial because he thought the State had little evidence connecting Hill to the knife. He therefore decided to address the issue of the knife during closing argument. Thus, Hill's counsel successfully excluded some evidence connecting Hill to the knife from trial, and he made the strategic decision to handle the rest of the evidence during closing argument. The way Hill's counsel handled evidence of the knife at trial was a matter of trial strategy, which does not support Rule 37 relief. *See Sartin*, 2012 Ark. 155, at 3–6, 400 S.W.3d at 697–98. The circuit court's decision was not clearly erroneous.

## C. Cell–Phone Extraction

Finally, Hill argues that the circuit court erroneously concluded that his counsel was ineffective for requesting a second extraction from his cell phone. The police performed the

---

[1]We do not directly address the argument that counsel should have filed a motion in limine because although counsel regretted not filing it, the specific argument was not raised below. *Viveros v. State*, 2009 Ark. 548.

5

first cell-phone extraction, but the information retrieved was useless to both parties because the dates and times of the text messages failed to correlate with the data. At the Rule 37 hearing, Hill's counsel testified that they requested a second extraction of the phone because they thought it could lead to information that was useful to Hill's defense, and they wanted to be prepared for trial in case the State had a readable version that would catch them by surprise.

Again, the circuit court's conclusion that counsel were not deficient was not clearly erroneous. Their decision was a matter of trial strategy and supported by counsel's reasonable professional judgment. Even if a decision proves unwise, matters of trial tactics and strategy are not grounds for postconviction relief. *Williams*, 347 Ark. at 379, 64 S.W.3d at 715. Thus, his counsel did not perform deficiently when they sought a second cell-phone extraction. It was reasonable for counsel to desire to be prepared for trial. We cannot conclude that their strategy was unreasonable simply because they found inculpatory evidence when trying to gain exculpatory evidence.

We hold that the circuit court did not err in denying Hill's Rule 37 petition.

Affirmed.

*Jonathan Ryan Hill*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Jacob H. Jones*, Ass't Att'y Gen., for appellee.