Romney Luther MILES *v.* STATE of Arkansas

CR 00-635                                            31 S.W.3d 868

Supreme Court of Arkansas
Opinion delivered December 7, 2000

*Edgar R. Thompson*, for appellant.

*Mark Pryor*, Att'y Gen., by: *David R. Raupp*, Sr. Ass't Att'y Gen., for appellee.

PER CURIAM. On January 25, 1999, Romney Luther Miles was convicted of aggravated robbery and kidnaping and was sentenced to life in prison as an habitual offender and fined $10,000. Miles sought appointed representation based upon indigency. However, the trial court denied Miles's motion because Miles had posted a $100,000 appearance bond. At trial, Miles was

represented by his retained attorney, Edgar Thompson. After entry of the conviction order, Thompson filed a timely notice of appeal and instructed Miles that he would have to pay the costs of the transcript and court reporter, as well as an attorney's fee for the appeal. Thompson provided Miles an estimate of the cost. Miles did not pay, and the transcript has not been completed or certified. Thompson has never moved this court to be relieved as counsel. As a result, the appeal has gone unperfected.

Miles subsequently filed a *pro se* motion for belated appeal, and he appended to the motion an affidavit of indigency and seeks to proceed *in forma pauperis*, if allowed to proceed with the appeal. On October 18, 2000, this court issued an unpublished per curiam order granting Miles's *pro se* motion treating it as a motion for rule on the clerk. *Miles v. State*, No. CR 00-635 (Ark. Sup. Ct. Oct. 18, 2000). In that order, this court directed Thompson to file a petition for writ of certiorari to complete the record, and Thompson filed that pleading on October 30, 2000. In the petition, Thompson noted that Miles had not been declared indigent but had not paid fees or costs, and that Thompson requested the writ to compel the Lonoke County Circuit Clerk and the court reporter to complete the transcript. However, the petition fails to indicate who will pay for the completion of the record.

Because the petition for writ of certiorari fails to indicate who will pay for completion and filing of the record, this case is remanded to the Lonoke County Circuit Court, and Miles is directed to file a motion to proceed *in forma pauperis* to allow the circuit court to determine whether Miles is indigent or must pay for the record on appeal. The burden of establishing indigency is on the defendant claiming indigent status. In considering whether an appellant is indigent, which is a mixed question of fact and law, some of the factors to be considered are: (1) income from employment and governmental programs such as social security and unemployment benefits; (2) money on deposit; (3) ownership of real and personal property; (4) total indebtedness and expense; (5) the number of persons dependent on the appellant for support; (6) the cost of the transcript on appeal; and (7) the likely fee of retained counsel for an appeal if counsel's fee has not already been paid. *Hill v. State*, 305 Ark. 193, 805 S.W.2d 651 (1991). Able-bodiedness, the level of education of the appellant, and whether the appellant is incarcerated are also to be considered. An appellant need not be destitute to qualify as an indigent. *Hill, supra.*

The trial court is directed to enter Findings of Fact and Conclusions of Law within sixty days and submit the findings and conclusions to this court on the determination of indigency.

Remanded.