

Cite as 2016 Ark. 293

# SUPREME COURT OF ARKANSAS.

No. CR-14-923

| | | |
|---|---|---|
| TERRY ANTONIO LEE | | **Opinion Delivered** July 21, 2016 |
| | APPELLANT | |
| | | PRO SE APPEAL FROM THE |
| V. | | PULASKI COUNTY CIRCUIT COURT |
| | | [No. 60CR–10–48] |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE BARRY SIMS, |
| | | JUDGE |
| | | |
| | | <u>REMANDED TO SETTLE THE RECORD AND FOR ADDITIONAL FINDINGS OF FACT</u>. |

## PER CURIAM

Appellant, Terry Antonio Lee, was convicted of committing a terrorist act, attempting to commit first-degree battery, and four counts of aggravated assault. He was sentenced to an aggregate term of 1020 months' imprisonment. The convictions and sentences were affirmed by the Arkansas Court of Appeals. *Lee v. State*, 2013 Ark. App. 209. The mandate issued on April 16, 2013.

Lee filed a timely pro se petition under Arkansas Rule of Criminal Procedure 37.1 (2015) on May 9, 2013, and filed a second Rule 37.1 petition on June 3, 2013.[1] In both

---

[1] The first Rule 37.1 petition filed in May 2013 is not part of the record lodged in this case on January 22, 2015, but Lee's first petition was attached to his motion for belated appeal that was filed on October 28, 2014. Because the May 2013 petition had already been filed with this court as part of the motion for belated appeal, it may be considered without incorporating it into the record. *See Drymon v. State*, 327 Ark. 375, 378, 938 S.W.2d 825, 827 (1997).

Rule 37.1 petitions, Lee alleged that counsel was ineffective because he failed to prepare or investigate the case; failed to meet with Lee before trial; failed to employ a successful strategy to discredit the testimony of the State's witnesses; failed to strike certain jurors who Lee alleged were biased; failed to object to evidence introduced by the prosecutor that was not timely disclosed in discovery; failed to raise proper directed-verdict motions; failed to object to the trial court pronouncing sentence on the same date as the conviction; and failed to raise a double-jeopardy claim.

In addition to the ineffective-assistance-of-counsel claims cited above, Lee raised the following independent grounds based on allegations of trial error and prosecutorial misconduct: that he was convicted in violation of the prohibition against double jeopardy; that the prosecutor failed to disclose evidence in violation of the rules of criminal procedure; that Lee was illegally arrested in violation of due process; that the trial court failed to hold a competency hearing; that a substituted trial judge was appointed to preside in his case without following correct procedure and was therefore not authorized to conduct the trial; that the trial court failed to afford Lee the right to allocution before sentence was pronounced; that inconsistent verdict forms were submitted to the jury; and that the trial court improperly sentenced Lee to consecutive terms of imprisonment.[2]

Evidentiary hearings were conducted by the trial court on March 12, 2014, and on March 20, 2014. According to the record, Lee's trial counsel, Bill James, testified at the first

---

[2] Lee did not include allegations of inconsistent verdicts and consecutive prison terms in his second petition, but both allegations were addressed by the trial court in its order denying relief.

hearing, and the second hearing was scheduled for the purpose of presenting testimony of witnesses called by Lee. The record is not clear as to which witnesses might have appeared to testify at the second hearing.

The trial court relied on the pleadings and the testimony of Lee's trial counsel and denied relief in an order filed April 16, 2014. The trial court concluded that claims based on trial error, an illegal arrest, the denial of his right to allocution, inconsistent verdict forms, and consecutive sentences were either not cognizable in a Rule 37.1 proceeding or had been waived on direct appeal. With respect to Lee's ineffective-assistance-of-counsel claims, the trial court concluded that there was no discriminatory pattern in the selection of jurors, that counsel had made appropriate objections at trial, and that counsel had made appropriate motions for directed verdict. In addition, the trial court found that Lee had failed to allege sufficient facts to support his allegations that counsel had failed to object to the timing of his sentencing and that counsel had allowed Lee to be convicted of six felonies for one offense.

Lee filed an untimely notice of appeal on May 19, 2014, which designated the entire record for purposes of appeal. On the same date, the court reporter wrote to Lee, informing him that she would not produce the transcripts from the two hearings conducted in the case until Lee paid $400 because the trial court had not issued an order declaring Lee indigent for appeal purposes. Because Lee failed to pay the cost of the transcript, a partial record was prepared that did not contain the testimony or evidence that may have been introduced at the hearings. On October 28, 2015, Lee filed a motion for belated appeal, together with a petition to proceed in forma pauperis, and the record was tendered on that date. The State did not respond to the motion or to the in forma pauperis petition. Lee's motion for a

SLIP OPINION

belated appeal was granted by this court. *Lee v. State*, 2015 Ark. 26. On that date, the partial record was lodged with an affidavit from the court reporter stating that the transcript had not been prepared because Lee had failed to pay for its preparation.

When this court reviews an order that denies postconviction relief, it does not reverse unless the trial court's findings are clearly erroneous. *Hayes v. State*, 2014 Ark. 104, at 3, 431 S.W.3d 882, 886. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Id.* In an appeal from a denial of postconviction relief based on a claim of ineffective assistance of counsel, the sole question presented is whether, based on a totality of the evidence under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), the trial court clearly erred in holding that counsel's performance was not ineffective. *Holloway v. State*, 2013 Ark. 140, at 4–5, 426 S.W.3d 462, 466–67. Under the *Strickland* test, the petitioner must show that counsel's performance was deficient and also that counsel's deficient performance prejudiced the defense. *Id.* With respect to the prejudice requirement, a petitioner must demonstrate that there is a reasonable probability that the outcome of the trial would have been different absent counsel's errors. *Id.* A reasonable probability is a probability that is sufficient to undermine confidence in the outcome of the trial. *Id.* The burden is also entirely on the appellant to provide facts affirmatively supporting the claims of prejudice. *Id.*

In its order denying relief based on allegations of ineffective assistance of counsel, the trial court made general findings of fact in support of its conclusion that Lee's counsel was not ineffective. Pursuant to Rule 37.3(c) the trial court must make specific findings so that

there can be meaningful review. *Reed v. State*, 375 Ark. 277, 279, 289 S.W.3d 921, 923 (2008). This court has consistently held that it may affirm the denial of a Rule 37.1 petition, regardless of the adequacy of the order, if it can determine from the record that the petition was wholly without merit or that the allegations in the petition are such that it is conclusive on the face of the petition that no relief is warranted. *Walden v. State*, 2014 Ark. 10, at 2 (per curiam); *Johnson v. State*, 362 Ark. 453, 455, 208 S.W.3d 783, 784 (2005). For the reasons set forth below, it is evident that additional findings by the trial court are warranted with respect to Lee's allegation that counsel was ineffective when he failed to make sufficient motions for directed verdict.

Lee alleged in his two petitions for postconviction relief that counsel was ineffective for failure to properly file directed-verdict motions that challenged the sufficiency of the evidence presented by the State. On appeal, Lee argues that if counsel had filed proper directed-verdict motions the court of appeals would have been able to review the evidence and the "offender's motion would have been granted." The trial court had rejected Lee's claim and found that "appropriate motions for a directed verdict were made by counsel during trial." However, this fact-finding is contradicted in the opinion of the court of appeals, which held that "[b]ecause Lee's motions did not inform the trial court of the specific issues in the State's case that are now being challenged, the question of the sufficiency of evidence to support his convictions is not preserved for appeal." *Lee*, 2013 Ark. App. 209, at 3–4.

We remand the matter to the trial court when the findings provided are not adequate for our review. *Magness v. State*, 2015 Ark. 185, 461 S.W.3d 337 (per curiam).

SLIP OPINION

Consequently, the matter is remanded to the trial court for findings of fact addressing Lee's ineffective-assistance-of-counsel claim with respect to counsel's motions for directed verdict, which should address whether the directed-verdict motions made by counsel and found insufficient by the court of appeals, constituted deficient performance under the *Strickland* standard and whether Lee was prejudiced as a result. *See Chunestudy v. State*, 2014 Ark. 345, at 4, 438 S.W.3d 923, 928 (Petitioner must demonstrate prejudice when trial counsel fails to make sufficient a directed-verdict motion.).

Appellate review of postconviction determinations for clear error mandates consideration of the totality of the evidence. In this case, the totality of the evidence includes the testimony and evidence presented at the two evidentiary hearings held in this matter. While the burden is on an appellant to produce a record demonstrating error, Lee's ability to provide a complete record was contingent upon his ability to pay the court reporter or to obtain indigent status. A petition for writ of certiorari to supplement the record must demonstrate who will pay for the transcript. *Miles v. State*, 343 Ark. 122, 123, 31 S.W.3d 868, 869 (2000). Here, Lee was unable to remit the cost for preparation of the transcript, and because Lee's notice of appeal was filed untimely, he was precluded from obtaining indigent status from the trial court for purposes of an appeal. *See Chatten v. Blair*, 2009 Ark. 364, at 1 (in forma pauperis motion denied because the notice of appeal failed to comply with procedural rules); *see also Doss v. State*, CR–04–460 (Ark. June 3, 2004) (unpublished per curiam)(noting that trial court denied indigent status based on incorrect assumption that notice of appeal was not timely). However, appended to Lee's motion for permission to file a belated appeal was an affidavit in support of a request to proceed in forma pauperis.

As the State did not contest either the motion for belated appeal or the appended indigency petition, Lee is permitted to proceed in forma pauperis on appeal. *See Holland v. State*, 358 Ark. 366, 368, 190 S.W.3d 904, 905 (2004).

Furthermore, we remand to the trial court with further direction to settle the record by ensuring that the transcript of the two hearings is included in the record submitted to this court on appeal, together with any evidence introduced at those hearings. Pursuant to Arkansas Rule of Appellate Procedure–Civil 6(e) (2015), if anything material to either party is omitted from the record, the appellate court, on its own initiative, may direct that the omission shall be corrected and that a supplemental record be certified and transmitted. Clearly, testimony and evidence presented at these hearings are material to a determination of Lee's allegations of ineffective assistance of counsel. Moreover, in order to thoroughly review all claims raised in Lee's petitions, a complete record is crucial so that the totality of the evidence can be considered.

Accordingly, we remand for an appropriate supplemental order that contains additional findings of fact consistent with this opinion as to Lee's allegation that counsel failed to make appropriate directed-verdict motions and to settle and supplement the record. In order to avoid a lengthy delay, the supplemental order and the supplemental record are to be completed and filed with this court within sixty days of the date of this order. The supplemental order shall include additional findings of fact with respect to Lee's ineffective-assistance-of-counsel claim based on trial counsel's failure to make sufficient motions for a directed verdict, and all remaining claims raised on appeal and addressed in the trial court's order dated April 16, 2014, will be held in abeyance until the matter is returned to this court

SLIP OPINION

on remand.  When the remand has been returned, Lee's supplemental brief will be due forty

days after the matter has been returned to this court.  We should also note that no new

claims may be raised by Lee in his supplemental brief nor may Lee amend or augment the

allegations and arguments set forth in his initial brief, as any arguments or allegations not

raised in his initial brief are considered abandoned    *Hayes v. State*, 2011 Ark. 327, 383

S.W.3d 824 (per curiam).

Remanded to settle the record and for additional findings of fact.