SLIP OPINION

Cite as 2016 Ark. 464

# SUPREME COURT OF ARKANSAS

No. CR-14-923

| | |
|---|---|
| TERRY ANTONIO LEE | **Opinion Delivered** December 15, 2016 |
| APPELLANT | PRO SE MOTION FOR REVERSAL AND DISMISSAL |
| V. | [PULASKI COUNTY CIRCUIT COURT, NO. 60CR-10-48] |
| STATE OF ARKANSAS | |
| APPELLEE | HONORABLE BARRY SIMS, JUDGE |
| | MOTION DENIED; REMANDED FOR COMPLIANCE WITH ARKANSAS RULE OF CRIMINAL PROCEDURE 37.3(d). |

## PER CURIAM

Appellant, Terry Antonio Lee, is incarcerated pursuant to convictions for committing a terrorist act, attempting to commit first-degree battery, and four counts of aggravated assault. Lee's convictions and sentence of an aggregate term of 1020 months' imprisonment were affirmed by the Arkansas Court of Appeals. *Lee v. State*, 2013 Ark. App. 209. The mandate issued on April 16, 2013. Thereafter, Lee filed in the trial court a timely pro se petition under Arkansas Rule of Criminal Procedure 37.1 (2013). After conducting two hearings on Lee's postconviction petition, the trial court denied relief, and Lee appealed to this court. On July 21, 2016, this court remanded the matter for the purpose of settling the record and for additional findings of fact addressing Lee's allegation of ineffective assistance of counsel based on trial counsel's failure to make sufficient directed-verdict motions. *Lee v. State*, 2016 Ark. 293, at 7, 498 S.W.3d 283, 287 (per curiam). The supplemental record

and order were to be filed in this court within sixty days of the date of the per curiam opinion. *Id.* The trial court filed a supplemental Rule 37 order on September 8, 2016, and the supplemental record that included transcripts of two postconviction hearings was lodged in this court on September 12, 2016. Lee's supplemental brief was due in this court on October 24, 2016. Instead of filing a supplemental brief, Lee filed a pro se motion for reversal and dismissal on October 13, 2016, alleging that the trial court disobeyed this court by failing to file supplemental findings of fact in compliance with this court's opinion.

As stated above, the trial court complied with this court's opinion and filed a supplemental order that set forth additional findings of fact. *Id.* Lee has therefore failed to state grounds for either reversing the trial court or dismissing this appeal. However, it is clear from the allegations contained in the motion that Lee has not been provided with a copy of the supplemental Rule 37 order. Rule 37.3(d) (2016) of the Arkansas Rules of Criminal Procedure contains a requirement that the trial court promptly mail a copy of an order entered on a Rule 37.1 petition to the petitioner. *See Horton v. State*, 2016 Ark. 193, at 2 (per curiam). Moreover, Lee cannot file a supplemental brief that complies with the rules of appellate procedure unless he has been provided with a copy of that order. *See* Ark. Sup. Ct. R. 4–7(c)(1)(C) (2016).

In view of the above, this case is remanded to the trial court with directions to the circuit clerk to promptly mail a copy of the supplemental Rule 37 order to Lee within ten days of the date of this opinion. Lee's supplemental brief will be due in this court fifty days from the date of this opinion.



Motion denied; remanded for compliance with Arkansas Rule of Criminal Procedure 37.3(d).