SLIP OPINION

Cite as 2017 Ark. 117

# SUPREME COURT OF ARKANSAS
No. CR–16–804

| | |
|---|---|
| HEATHER CARLENE SWAIN<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered:** April 6, 2017<br><br>APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT [NO. CR–2013–172–1]<br><br>HONORABLE MARK LINDSAY, JUDGE<br><br>AFFIRMED. |

**RHONDA K. WOOD, Associate Justice**

After a jury trial, Heather Swain was convicted as an accomplice to capital murder and kidnapping. She received sentences of life without parole for murder and twenty-five years for kidnapping. She now contends that she received ineffective assistance of counsel when her defense counsel allowed one of her accomplices to testify in her defense without first interviewing him. She also contends that her life sentence was cruel and unusual and penalized her right to trial. The circuit court rejected both claims. We affirm the circuit court's judgment on the ineffective assistance of counsel claim. However, we decline to address the remaining claims because they are not properly before us.

Heather Swain was charged as an accomplice to capital murder and kidnapping. Testimony at her trial showed that she and three other men kidnapped their victim, beat him to death while they drove around in an SUV, and finally left him lying face down in a ditch next to a dirt road in rural Washington County. The jury convicted on both charges.

SLIP OPINION

We subsequently affirmed the conviction on direct review. *See Swain v. State*, 2015 Ark. 132, 459 S.W.3d 283.

After we affirmed, Swain filed a petition for postconviction relief under Arkansas Rule of Criminal Procedure 37. First, Swain argued that defense counsel had been ineffective by allowing one of her accomplices to testify in her defense without first interviewing him. Second, Swain argued that her sentence of life imprisonment for capital murder was disproportionate to the crime charged and was actually a penalty for exercising her right to trial. This second argument was based on her accomplices' receiving lower sentences after pleading guilty. After holding a hearing, the circuit court rejected Swain's petition by written order. Swain has now filed this appeal.

We do not reverse the grant or denial of postconviction relief unless the circuit court's findings are clearly erroneous. *Sales v. State*, 2014 Ark. 384, 441 S.W.3d 883. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *State v. Lacy*, 2016 Ark. 38, 480 S.W.3d 856.

The first issue involves defense counsel's decision to call one of Swain's accomplices to testify. On cross-examination by the State, this accomplice, Alan Swinford, testified that Swain had slapped the victim and instigated her accomplices to further violence. Swain alleged in her petition that her counsel should have never allowed Swinford to testify without first interviewing him.

Defense counsel testified to rebut this charge at the Rule 37 hearing. He admitted that he did not interview Swinford before trial because Swinford's attorneys had indicated

that he did not want to talk. However, counsel did have access to five transcripts of previous interviews Swinford had given. None of these contained the allegation that Swain had physically touched the victim. Counsel maintained that the decision to call Swinford originated with Swain. Even so, counsel thought Swinford's testimony would be "helpful to us in pointing out who did what and what her role was compared to his." The circuit court concluded that counsel's decision to call Swinford was based on trial strategy.

Under the two-prong standard from *Strickland v. Washington*, 466 U.S. 668 (1984), a petitioner seeking postconviction relief must show that his counsel's performance was deficient and that the deficient performance resulted in prejudice. *See Feuget v. State*, 2015 Ark. 43, 454 S.W.3d 734. "There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, and the petitioner has the burden of overcoming that presumption by identifying the acts and omissions of counsel which, when viewed from counsel's perspective at the time of trial, could not have been the result of reasonable professional judgment." *Id*. at 4, 454 S.W.3d at 738. "Matters of trial strategy and tactics, even if arguably improvident, fall within the realm of counsel's professional judgment and are not grounds for a finding of ineffective assistance of counsel." *Noel v. State*, 342 Ark. 35, 41, 26 S.W.3d 123, 127 (2000). A matter of reasonable trial strategy does not constitute deficient performance. *Fukunaga v. State*, 2016 Ark. 164, 489 S.W.3d 644.

On appeal, Swain argues that defense counsel's calling Swinford without interviewing him, hoping that he would exculpate Swain, was a "random stab in the dark" rather than a coherent trial strategy. This argument misses the mark. Counsel never testified that Swinford would exculpate Swain. Rather, his testimony merely indicated that calling

Swinford could put Swain's participation in perspective; it could highlight that Swinford, rather than Swain, was the primary aggressor. Counsel testified, "I wanted to show them what really caused the death and remind [the jury] that she was . . . fairly helpless against [Swinford]." Indeed, during direct examination, Swinford testified that he had been drinking and using drugs; that he blamed the victim for his wife's death; and that he had been the first one to physically assault the victim.

We cannot say that the circuit court clearly erred when it concluded that counsel's decision was reasonable trial strategy. Even though another attorney may have chosen a different course, trial strategy, even if it proves unsuccessful, is a matter of professional judgment. *Williams v. State*, 2011 Ark. 489, 385 S.W.3d 228. The decision whether to call particular witnesses is a matter of trial strategy that is outside the purview of Rule 37. *Id*. Trial counsel must use his or her best judgment to determine which witnesses will be beneficial to the client. *Tackett v. State*, 284 Ark. 211, 680 S.W.2d 696 (1984). Accordingly, we affirm on this point.

The next issue involves Swain's claim that her sentence of life imprisonment was disproportionate and unduly penalized her right to a jury trial. The premise for this argument is that Swain's accomplices, who all pleaded guilty to first-degree murder and kidnapping, received lesser sentences: Alan Swinford received 80 years; Timothy Swinford received 50 years; and James Patton received 30 years. Swain maintains that these accomplices were more culpable than her and that she should not have received a longer sentence. She also maintains that she received a more "onerous" sentence because, unlike her accomplices, she

SLIP OPINION

chose to exercise her right to a jury trial. Neither of these arguments of trial error were raised at trial or on direct appeal.

We cannot address these issues now and summarily affirm. "Rule 37 is not available as a direct challenge to the admissibility of evidence or to raise questions of trial error. Questions of constitutional dimension must even be raised in the trial court in accordance with the controlling rules of procedure, or else the issues are waived, unless they are so fundamental as to void the judgment absolutely." *Finley v. State*, 295 Ark. 357, 362–63, 748 S.W.2d 643, 646 (1988). The issue in *Finley* was a speedy-trial claim based on an alleged violation of the Interstate Agreement on Detainers Act. We held that such a violation "did not involve the waiver of such a fundamental right that would void a judgment." *Id.* at 363, 748 S.W.2d at 646.

We addressed this issue again in *Collins v. State*, 324 Ark. 322, 920 S.W.2d 846 (1996). There, we reaffirmed the rule from *Finley*, stating that "constitutional issues must be raised in the trial court and on direct appeal, rather than in Rule 37 proceedings." *Id.* at 326, 920 S.W.2d at 848. However, we noted an exception for "errors that are so fundamental as to render the judgment of conviction void and subject to collateral attack." *Id.* We subsequently found that the right to trial by a twelve-member jury was fundamental and that the issue could be raised for the first time in Rule 37 proceedings. *Id.*; *see also Rowbottom v. State*, 341 Ark. 33, 13 S.W.3d 904 (2000) (holding that double-jeopardy protection is a fundamental right and could be raised for the first time in a Rule 37 petition).

Because Swain failed to raise these issues at trial, she must show there is a fundamental error in order for us to address them here. Swain asserts, but does not develop, the argument

that her disproportionate sentence relative to her accomplices constitutes a fundamental error and that it penalized her for failing to enter a plea. We hold that the facts presented here do not involve a fundamental error. We have held that "we will not reduce or compare sentences that are imposed within the statutory limits." *Philyaw v. Kelley*, 2015 Ark. 465, at 8, 477 S.W.3d 503, 507. When Swain chose to exercise her right to jury trial, the only sentence available upon a finding of guilt was the one imposed.[1] Further, "what sentence another defendant has received is not relevant evidence as to guilt, innocence, or punishment." *Bradley v. State*, 2013 Ark. 58, at 15, 426 S.W.3d 363, 372 (citing *Robinson v. State*, 278 Ark. 516, 517, 648 S.W.2d 444, 444 (1983)). Because the error Swain asserts is not fundamental in nature, she cannot raise the argument for the first time in a Rule 37 proceeding.

Affirmed.

*Jeff Rosenzweig*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee.

---

[1] Capital murder is punishable by either death or life in prison without parole. Ark. Code Ann. § 5-10-101(c)(1) (Supp. 2011). The State waived the death penalty, so Swain received the only sentence allowable by statute.