SLIP OPINION

Cite as 2017 Ark. 337

# SUPREME COURT OF ARKANSAS

No. CR–14–923

| | |
|---|---|
| TERRY ANTONIO LEE<br>APPELLANT | **Opinion Delivered** November 30, 2017 |
| V. | PRO SE APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SEVENTH DIVISION; MOTION FOR RIGHTEOUS |
| STATE OF ARKANSAS<br>APPELLEE | DISPOSITION [NO. 60CR-10-48] |
| | HONORABLE BARRY SIMS, JUDGE |
| | AFFIRMED; MOTION MOOT. |

**ROBIN F. WYNNE, Associate Justice**

Appellant Terry Antonio Lee appeals the trial court's denial of his pro se petition and amended petition under Arkansas Rule of Criminal Procedure 37.1 (2016). Lee raised a number of claims of ineffective assistance of counsel and independent claims of error in the trial proceedings that he reasserts on appeal, including allegations of double-jeopardy violations. Most notably, Lee alleges that his convictions in the case resulted from charges of the commission of a terroristic act, criminal attempt to commit first-degree battery, and four counts of aggravated assault that were all alleged to have been committed during a continuing course of conduct. Lee contends that only one penalty could be imposed. The trial court denied the petition after conducting hearings on the issues.

On appeal, Lee contends that the trial court erred in finding that Lee did not demonstrate ineffective assistance of counsel or that the trial proceedings were

constitutionally infirm. We hold that, because there were six separate criminal violations resulting from six separate impulses in the firing of six separate shots, no double-jeopardy violation occurred and the trial court was not clearly erroneous in determining that Lee failed to demonstrate fundamental error cognizable in Rule 37 proceedings. Lee also failed to make the requisite showing of prejudice for his cognizable claims of ineffective assistance of counsel, and we therefore affirm the denial of postconviction relief.

After briefing had been completed, Lee filed a pleading in which he requested this court "grant righteously" concerning the disposition of the matter. As we affirm the appeal, the motion is moot.

## I. *Procedural History*

The Arkansas Court of Appeals affirmed Lee's convictions. *Lee v. State*, 2013 Ark. App. 209. The evidence presented at trial, briefly summarized, included testimony that Lee and an unidentified man were outside Robert and Erica Brown's home on a night in 2009. While there, Lee got into an altercation with Robert and Archie Roberson. As Lee left, he threatened to return with a gun and "kill everyone in the house." About an hour later— when Robert went outside to move vehicles in the driveway—Lee appeared in the center of the street, and he fired eight shots toward Robert and the house.[1] One bullet struck the home's window sill. Erica and three children were inside the house when the shooting began.

---

[1] Police recovered eight shell casings from the scene.

2

This court granted Lee's motion for belated appeal of the Rule 37.1 proceedings. *Lee v. State*, 2015 Ark. 26 (per curiam). We later remanded to settle the record and for additional findings of fact, directing the trial court to enter a supplemental order with additional findings of fact on Lee's allegation that counsel failed to make appropriate directed-verdict motions. *Lee v. State*, 2016 Ark. 293, 498 S.W.3d 283 (per curiam).[2] The remand has been returned, and the matter has now been briefed.

## II. *Issues on Appeal*

Lee raises seven points on appeal, alleging that the trial court erred in failing to find ineffective assistance of counsel on six bases and in denying relief on six independent claims of trial error. Lee contends (1) that his convictions were double-jeopardy violations; (2) that the trial court incorrectly determined that he was competent to be tried and should have ordered further evaluation; (3) that the case was illegally transferred from one division to another within the judicial district; (4) that prosecutorial misconduct deprived him of sufficient discovery; (5) that inconsistent and deficient jury verdict forms were used; and (6) that he received insufficient due process depriving him of an impartial trial as a result of an illegal arrest, insufficient evidence, malicious prosecution, and jurors who were women or who disclosed relationships with people involved with the case or were otherwise potentially biased. Lee asserts ineffective assistance resulted from counsel's failure (1) to adequately investigate; (2) to object to the admission of certain evidence; (3) to develop a different trial

---

[2] After Lee filed a motion indicating that the trial court had failed to provide Lee with a copy of the supplemental order entered on remand, we entered another order remanding for compliance with Arkansas Rule of Criminal Procedure 37.3(d) (2016). *Lee v. State*, 2016 Ark. 464 (per curiam).

3

strategy; (4) to strike certain jurors; (5) to make adequate motions for directed verdict; and (6) to object to the verdict on double-jeopardy grounds. Any issues that Lee raised in the trial court but not in his briefs on appeal are abandoned, and we address on appeal only those arguments that were first presented to the trial court. *State v. Grisby*, 370 Ark. 66, 257 S.W.3d 104 (2007).

### III. *Standard of Review*

This court reviews the trial court's decision on Rule 37.1 petitions for clear error. *Russell v. State*, 2017 Ark. 174, 518 S.W.3d 674. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Turner v. State*, 2016 Ark. 96, 486 S.W.3d 757.

Rule 37 is not available as a direct challenge to the admissibility of evidence or to raise questions of trial error, even questions of constitutional dimension. *Swain v. State*, 2017 Ark. 117, 515 S.W.3d 580. For this court to address such a question raised by the appellant for the first time in Rule 37 proceedings, the appellant must show a fundamental error sufficient to void the judgment. *Id*. Lee's independent constitutional claims fall outside of this exception. Where Lee has framed the issues as recognized fundamental error, he has failed to establish such an error on the facts presented, and the claims are therefore not cognizable for the first time in Rule 37 proceedings. *Id*.

### IV. *Double Jeopardy*

Double-jeopardy protection is a fundamental right, and a direct challenge on the basis of a double-jeopardy violation may be raised in Rule 37 proceedings. *Rowbottom v.*

*State*, 341 Ark. 33, 13 S.W.3d 904 (2000). Although Lee made a claim that was cognizable on that basis, he nevertheless failed to show a double-jeopardy violation. Lee contends that the three different crimes shared the same elements in that all three required, in the case at hand, that the State prove that Lee shot a gun for the purpose of causing injury. Lee contends that, even though there were multiple shots fired, the criminal episode at the Brown home was a continuing course of conduct for which only one penalty could be imposed.

A continuing offense is a continuous act or series of acts begun by a single impulse and operated by an unintermittent force. *Halpaine v. State*, 2011 Ark. 517, 385 S.W.3d 838. The test to determine whether a continuing offense is involved is whether either the individual acts or the course of action that they constitute are prohibited. *Id.* If it is the individual acts that are prohibited, then each act is punishable separately. *Id.* If it is the course of action that is prohibited, then there can be only one penalty. *Id.* Where there is a single impulse, only one charge lies, but if there are separate impulses, separate charges lie even if all are part of a common stream of action. *Id.*

Lee could have been tried and convicted under the statute for the commission of a terroristic act for each shot that he fired. *McLennan v. State*, 337 Ark. 83, 987 S.W.2d 668 (1999). Aggravated assault and first-degree battery are likewise each described in the applicable statutes, Arkansas Code Annotated section 5-13-204(a)(1) (Repl. 2013) (aggravated assault) and Arkansas Code Annotated section 5-13-201(a)(1) (Repl. 2013) (first-degree battery), as the type of offense that arises from individual acts completed, in this case, each time that Lee fired the gun. *See Britt v. State*, 261 Ark. 488, 549 S.W.2d 84

5

(1977) (holding that neither robbery nor battery is defined as a continuing course of conduct). We need not determine whether the elements in the different charges overlapped because Lee was appropriately charged for each of six distinct individual criminal acts.

V. *Trial Court's Failure to Order an Additional Mental Evaluation*

An allegation in a Rule 37.1 petition that the petitioner was incompetent to be tried at the time of trial, supported by sufficient factual allegations, would be cognizable in proceedings under the Rule. An incompetent defendant cannot waive his or her right to have the court determine his or her capacity to stand trial. *Pate v. Robinson*, 383 U.S. 375 (1966). Yet, Lee does not contend that he was not actually competent to be tried, and he did not present evidence of his incompetence.

Lee refused to participate in the first mental evaluation conducted that produced a report concluding that he was competent to stand trial. Lee points to an argumentative discussion with the trial court after this initial evaluation concerning his continuing lack of cooperation. Lee contends the trial court should have determined from this exchange that his mental state was questionable. At the court's direction, however, a second mental evaluation was conducted following Lee's asserted questionable conduct in court. With Lee's cooperation, the new examination resulted in a second report that also concluded that Lee was competent to stand trial. A diagnosis of antisocial personality disorder was made in this second report, and Lee contends that the diagnosis should have triggered further evaluation.

The doctor who examined Lee for the second report stated that, although Lee exhibited the disorder, Lee had no mental disease or defect, that he had the capacity to

6

understand the proceedings against him, and that he had the capacity to assist effectively in his own defense. The trial court found Lee competent based on that second report, and although Lee asserts the court's finding of competence was in error and that an additional evaluation should have been conducted, he has failed to identify any evidence establishing that he was not in fact competent to be tried or that the trial court should have made further inquiry into Lee's mental capacity.

The mere fact that Lee suffered from a disorder such as antisocial personality disorder, without more, did not render him incompetent to stand trial. *See Ware v. State*, 348 Ark. 181, 75 S.W.3d 165 (2002). Lee had another examination that followed his argumentative behavior, and he identified no circumstances following that second examination under which the trial court should have had reason to believe that his fitness to proceed was still at issue. *Hardaway v. State*, 321 Ark. 576, 906 S.W.2d 288 (1995). Accordingly, he did not demonstrate trial error constituting fundamental error.

## VI. *Inappropriate Transfer*

Lee contends that the judge presiding over his trial lacked jurisdiction over the matter because the venue was transferred without an appropriate order. A circuit judge has the authority to preside over proceedings in any courtroom, in any county, within the judicial district for which that judge was elected. *Davis v. Reed*, 316 Ark. 575, 873 S.W.2d 524 (1994). The challenge Lee would make concerning a transfer within the judicial district is not one that can be raised in postconviction proceedings. *Renfro v. State*, 264 Ark. 601, 573 S.W.2d 53 (1978).

7

### VII.  *Verdict Forms*

Lee alleged that two of the verdict forms, those for committing a terroristic act and for criminal attempt to commit first-degree battery, were defective in failing to name the victim when the other verdict forms specified a victim.  Some defects in verdict forms may constitute fundamental error.  *Robbins v. State*, 353 Ark. 556, 114 S.W.3d 217 (2003).  Lee, however, failed to explain how the allegedly defective verdict forms may have resulted in prejudice or juror confusion.[3]  He therefore did not establish that the alleged error was fundamental error sufficient to void the judgment.

### VIII.  *Juror Selection and the Remaining Direct Constitutional Challenges*

Lee's remaining claims of independent constitutional error are based on alleged due-process violations that are also not the types of errors that may be considered in Rule 37 proceedings.  Lee alleges prosecutorial misconduct involving discovery violations and malicious prosecution, but this court has held that such direct challenges are not cognizable in postconviction proceedings under the Rule.  *Wood v. State*, 2015 Ark. 477, 478 S.W.3d 194.  A direct challenge to the sufficiency of the evidence is not cognizable in Rule 37 proceedings.  *Van Winkle v. State*, 2016 Ark. 98, 486 S.W.3d 778.  Lee's claims concerning an illegal arrest are not fundamental error because an invalid arrest does not entitle a

---

[3] The jury was instructed that the offense of committing a terrorist act occurred if the State proved that Lee, while not in the commission of a lawful act and with the purpose of causing injury to another person or other persons or damage to property, shot at an occupiable structure.  That definition does not require a victim to be identified.  The instructions for attempted first-degree battery identified "Robert Brown or another person" as the potential victim.

SLIP OPINION

defendant to be discharged from responsibility for the offense. *Biggers v. State*, 317 Ark. 414, 878 S.W.2d 717 (1994).

Lee asserts that certain jurors were selected who were not qualified because they were women, they disclosed relationships with people involved with the case, or made statements that indicated they were otherwise potentially biased. The trial court appears to have found that this claim was one not cognizable in the proceedings, only addressing it in a broad general finding. To the extent that Lee obtained a ruling on this issue, the trial court was correct.

Denial of a defendant's right to a twelve-person jury is fundamental error that may be raised for the first time in Rule 37 proceedings. *Collins v. State*, 324 Ark. 322, 920 S.W.2d 846 (1996). Prospective jurors who state that they can lay aside prior impressions or opinions and render a verdict based upon the evidence presented at trial, however, are qualified to serve as jurors. *Wainwright v. State*, 302 Ark. 371, 790 S.W.2d 420 (1990); *see also Linell v. State*, 283 Ark. 162, 671 S.W.2d 741 (1984) (noting the distinction between implied and actual bias of jurors). A prospective juror may be challenged for implied bias that arises by implication of law. *See Owens v. State*, 354 Ark. 644, 128 S.W.3d 445 (2003). As for claims of actual bias, we have repeatedly held that an appellant must do more than allege prejudice; he or she must actually demonstrate it. *Jones v. State*, 374 Ark. 475, 288 S.W.3d 633 (2008).

Lee did not raise an implied-bias claim. Jurors are not disqualified by their gender, and Lee did not identify any bias, even liberally construed, that clearly falls within the statutorily provided categories. *See Owens*, 354 Ark. 644, 128 S.W.3d 445. In those specific

instances of potential bias that Lee identified in the record on appeal, the prospective juror indicated that he or she believed the issue would not impair the juror's ability to serve fairly and impartially or the court excused that individual from service on the jury. Allegations of actual bias and the composition of the jury are matters to be raised at trial. *See Neal v. State*, 270 Ark. 442, 605 S.W.2d 421 (1980).

## IX. *Ineffective Assistance*

Turning to Lee's claims that his attorney was ineffective, our standard for ineffective-assistance-of-counsel claims is the two-prong analysis set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Rasul v. State*, 2015 Ark. 118, 458 S.W.3d 722. The benchmark for judging a claim of ineffective assistance of counsel must be "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686. To prevail on a claim of ineffective assistance of counsel, the petitioner must show that (1) counsel's performance was deficient and (2) the deficient performance prejudiced his defense. *Mister v. State*, 2014 Ark. 446. Unless a petitioner makes both showings, the allegations do not meet the benchmark on review for granting relief on a claim of ineffective assistance. *Houghton v. State*, 2015 Ark. 252, 464 S.W.3d 922.

Counsel is presumed effective, and allegations without factual substantiation are insufficient to overcome that presumption. *Henington v. State*, 2012 Ark. 181, 403 S.W.3d 55. To satisfy the first prong of the *Strickland* test, the petitioner must show that counsel's performance was deficient by a showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment to

the United States Constitution. *Van Winkle*, 2016 Ark. 98, at 6–7, 486 S.W.3d at 784. A petitioner has the burden of overcoming the presumption that counsel is effective by identifying specific acts and omissions that, when viewed from counsel's perspective at the time of trial, could not have been the result of reasonable professional judgment. *Henington*, 2012 Ark. 181, 403 S.W.3d 55.

To satisfy the second prong of the test, a claimant must show that there is a reasonable probability that the fact-finder's decision would have been different absent counsel's errors. *Van Winkle*, 2016 Ark. 98, at 7, 486 S.W.3d at 785. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id*. The language, "the outcome of the trial," refers not only to the finding of guilt or innocence, but also to possible prejudice in the sentencing. *Id*. An appellant must do more than allege prejudice; he or she must demonstrate it with facts. *Carter v. State*, 2015 Ark. 166, 460 S.W.3d 781.

X. *Failure to Preserve Directed-Verdict Argument for Appeal*

Lee asserts that trial counsel was ineffective for failing to make an appropriate motion for directed verdict that would preserve that argument for appeal. In its opinion on direct appeal, the court of appeals held that trial counsel's motion did not adequately preserve the issue because it recited only the elements of each charged crime without identifying specific elements that the State failed to prove. *Lee*, 2013 Ark. App. 209, at 3–4. The trial court found that counsel's performance in this regard was deficient, but that Lee failed to demonstrate prejudice from the deficient performance.

Lee must indeed satisfy the second prong of the *Strickland* test in order to merit relief. When a petitioner asserts that counsel was ineffective for failure to make a motion or

11

argument, the petitioner must show that the motion or argument would have been meritorious. *Mitchell v. State*, 2012 Ark. 242. This is because the failure to make an argument that is meritless is not ineffective assistance of counsel. *Id.*

Lee first contends that trial counsel should have argued that the State had failed to show that it was Lee who committed the crime. Lee's argument is meritless because three witnesses identified him as the shooter. This court has repeatedly held that "unequivocal testimony identifying the appellant as the culprit is sufficient to sustain a conviction." *Ewell v. State*, 375 Ark. 137, 289 S.W.3d 101 (2008) (citing *Stipes v. State*, 315 Ark. 719, 870 S.W.2d 388 (1994)). Challenges to the reliability of an identification such as Lee raises here are not sufficient to disturb the fact-finder's decision concerning the credibility of the witness or witnesses on appeal. *See Starling v. State*, 2016 Ark. 20, 480 S.W.3d 158 (declining to find that evidence at trial was insufficient when the defendant had argued a lack of credibility of witnesses due to prior inconsistent statements and motives to lie). Variances and discrepancies in the proof go to the weight or credibility of the evidence and are matters for the fact-finder to resolve. *Id.*

Lee also argues that the shots were aimed at Robert and there was no evidence that the shots were intentionally fired at the house or with the purpose of hitting Erica and the children. He asserts that the State therefore failed to show the necessary intent to support either the aggravated-assault counts or commission of a terroristic act. A person's state of mind at the time of a crime is seldom apparent and ordinarily cannot be proven by direct evidence. *Noble v. State*, 2017 Ark. 142, 516 S.W.3d 727. For this reason, members of the jury are allowed to draw upon their common knowledge and experience to infer intent

12

from the circumstances. *Id.* Because of the difficulty in ascertaining a person's intent, a presumption exists that a person intends the natural and probable consequences of his or her acts. *Id.*

Lee apparently misconstrues the criminal intent required by the two statutes. Arkansas Code Annotated section 5-13-310(a) (Repl. 2013), in relevant part, provides that "[a] person commits a terroristic act if, while not in the commission of a lawful act, the person . . . [s]hoots at an occupiable structure with the purpose to cause injury to a person or damage to property." There is no requirement in the statute that Lee had to aim with an intention to hit the house rather than Robert. Lee shot at an occupiable structure when he intentionally fired toward the Browns' home. It was necessary that he do so in order to aim at Robert, who was in front of the house. Common sense would permit the jury to infer that Lee intended to injure Robert in doing so and that he also intended the natural and probable consequence that bullets not striking the intended target would hit the house. Indeed, there was testimony that at least one did.

Arkansas Code Annotated section 5-13-204(a) defines aggravated assault, as used in this case, to occur when "under circumstances manifesting extreme indifference to the value of human life," the perpetrator "engages in conduct that creates a substantial danger of death or serious physical injury to another person." The purpose the jury was required to find was a purpose to engage in the conduct that created the risk of injury, accompanied by an exhibition of extreme indifference to the value of human life. Despite Lee's assertion to the contrary, it was not necessary for the State to demonstrate that he aimed the gun at the individual occupants of the house or intended to shoot them. Firing the gun in the direction

13

of Robert and the Browns' home placed Robert's and the occupants' lives in danger and demonstrated the requisite indifference. Lee therefore failed to show that the motion for directed verdict, even if properly preserved for appeal with the specific arguments Lee would have had counsel make, would have been meritorious.

## XI. *Failure to Investigate*

Lee asserts error in the trial court's failure to find that counsel was ineffective for failure to investigate and adequately prepare for trial. Counsel has a duty to conduct a reasonable investigation or to make a reasonable decision that a particular investigation is unnecessary. *Young v. State*, 2015 Ark. 65, at 6. A petitioner under Rule 37.1 who alleges ineffective assistance of counsel for failure to perform an adequate investigation must delineate the actual prejudice that arose from the failure to investigate, and he or she must demonstrate a reasonable probability that the specific materials that would have been uncovered with further investigation could have changed the outcome of trial. *Id.* That is, a petitioner who asserts ineffective assistance for failure to investigate must show that further investigation would have been fruitful and that the specific materials the petitioner identifies that counsel could have uncovered would have been sufficiently significant to raise a reasonable probability of a different outcome at trial. *Id.* at 6–7. General assertions that counsel did not aggressively prepare for trial are not sufficient to establish a claim of ineffective assistance of counsel. *Id.* at 7.

Lee identified reports prepared by one of the detectives investigating the incident that Lee believed were significant because the detective noted that a CD that had been admitted into evidence was blank and because the detective referenced earlier statements by

14

Erica that Lee believed were inconsistent with her testimony. Lee made no showing that these materials were sufficiently significant to raise a reasonable probability of a different outcome at trial, however.

There was testimony at trial about the blank CD, that it was thought to contain pictures taken at the crime scene and that there was no backup made. The officer who took the missing pictures testified about why he took the pictures, including the fact that one specific photograph was to show that there was a bullet hole in a window sill that the officer had noticed. Counsel questioned the detective about inconsistencies in Erica's testimony and in her prior statements, and assuming for the purpose of this analysis that counsel had not been aware of the report, Lee does not point out any additional information that might have been more effective in discrediting her testimony, despite Lee's conclusory allegations that the reports could have been used for impeachment. Neither conclusory statements nor allegations without factual substantiation are sufficient to overcome the presumption of competence and cannot provide a basis for postconviction relief. *Id.*

## XII. *Trial Strategy*

In conjunction with his claims that trial counsel failed to adequately investigate or consult with him, Lee alleged that counsel failed to develop a successful trial strategy. Lee is not clear on the alternate strategy that he would have had counsel adopt, but he failed to demonstrate that the strategy counsel adopted—which was to discredit the identifications of Lee, particularly the identification made by Erica, by pointing to inconsistencies and suggesting that his companion in the initial encounter may have been the shooter—was not reasonable.

15

Counsel is allowed great leeway in making strategic and tactical decisions. *Williams v. State*, 2016 Ark. 459, 504 S.W.3d 603. Where a decision by counsel was a matter of trial tactics or strategy, and that decision is supported by reasonable professional judgment, then counsel's decision is not a basis for relief under Rule 37.1. *Adams v. State*, 2013 Ark. 174, 427 S.W.3d 63. As the trial court found, Lee's attorney testified about the investigation that he conducted and his reasoning in developing a defense strategy. Lee failed to demonstrate both that further discussion or investigation may have produced information to develop an alternate strategy or that counsel's decision to adopt the trial strategy used was unreasonable. Trial counsel's decisions regarding what theory of the case to pursue represent the epitome of trial strategy. *Sartin v. State*, 2012 Ark. 155, at 4, 400 S.W.3d 694, 697. When counsel's decision is supported by reasonable professional judgment, then postconviction relief under Rule 37 is not available even when the chosen strategy was improvident in retrospect. *Id.*

## XIII. *Juror Selection*

Lee's claims that counsel was ineffective in juror-selection choices were also a matter of trial strategy, and this court will not label counsel ineffective merely because of possible bad tactics or strategy in selecting a jury. *Howard v. State*, 367 Ark. 18, 238 S.W.3d 24 (2006). To prevail on an allegation of ineffective assistance of counsel with regard to the seating of the jury, a petitioner first has the heavy burden of overcoming the presumption that jurors are unbiased. *Id.* To accomplish this, a petitioner must demonstrate actual bias sufficient to prejudice the petitioner to the degree that he or she was denied a fair trial. *Id.* As discussed above, none of Lee's claims of juror bias were supported with a showing of such actual bias.

16

SLIP OPINION

XIV.  *Failure to Object*

Lee's remaining claims concern counsel's failure to make objections to the admission of certain evidence and to the verdict based on a double-jeopardy violation.  Failure to make a meritless objection is not an instance of ineffective assistance of counsel.  *Turner*, 2016 Ark. 96, 486 S.W.3d 757.  As previously discussed, the basis that Lee alleged would have supported an objection to the verdict on a double-jeopardy violation is without merit.

Lee's claims that counsel failed to object to the admission of evidence were largely too vague to identify any specific omissions by counsel.  To prevail on a claim of ineffective assistance for the failure to object, the petitioner has the burden to identify the specific evidence to which counsel should have objected and provide meritorious grounds for an objection.  *See Henington*, 2012 Ark. 181, at 6, 403 S.W.3d at 60 ("Conclusory allegations that are unsupported by facts do not provide a basis for either an evidentiary hearing or postconviction relief.").

Lee appeared to assert that counsel should have objected to portions of Erica's testimony.  This testimony concerned her ability to see what was happening when the shooting occurred and noticing after the shooting that a bullet had hit the window sill.  Lee contends that this testimony on Erica's direct observations was hearsay, without pointing to specific statements made.  "Hearsay" is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. Ark. R. Evid. 801(c) (2016); *Swain v. State*, 2015 Ark. 132, 459 S.W.3d 283.  Lee's claim failed because he did not identify specific statements made to which counsel could have made a successful objection on the basis of hearsay.  *Hartman v. State*, 2017 Ark. 7, 508

S.W.3d 28 (holding that the appellant failed to demonstrate that an objection on the basis of hearsay would have been successful because he failed to identify which of certain hearsay statements made by the witness would have been inadmissible).

Lee also contended that counsel should have objected to the shell casings collected at the crime scene and photos of the house that were introduced. He contends that the photos were not contemporaneous to the time of the crime and failed to accurately show the bullet hole in the window sill that was mentioned in Erica's and other witnesses' testimony or depict how the scene appeared at night. Lee also contends that the shell casings should not have been admitted because there was no "crime scene" showing where the casings were collected. Yet there was testimony about the collection of the shells following the shooting and that the photos, although not contemporaneous, accurately depicted the scene at the time.

Relevant information is evidence having "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Ark. R. Evid. 401 (2016); *Shreck v. State*, 2017 Ark. 39, 510 S.W.3d 750. Unless evidence that is relevant is otherwise excluded under applicable rules and statutes, it is admissible. Ark. R. Evid. 401; *Holly v. State*, 2017 Ark. 201, at 9, 520 S.W.3d 677, 683.

This court has held that photographs helpful to explain testimony are ordinarily admissible. *Green v. State*, 2015 Ark. 359, at 2, 471 S.W.3d 200, 202. Photographs may be admissible if they assist the trier of fact in any of the following ways: (1) by shedding light on some issue; (2) by proving a necessary element of the case; (3) by enabling a witness to

18

testify more effectively; (4) by corroborating testimony; or (5) by enabling jurors to better understand the testimony. *Evans v. State*, 2015 Ark. 240, at 4, 464 S.W.3d 916, 918–19.

The shells were also relevant because that evidence served to corroborate the officer's testimony and aided the jury in understanding the testimony. The bases that Lee proposes for objections to the admission of the shells and the photographs are the types of issues that go to the weight of the evidence and the credibility of the witnesses rather than presenting a question of law for the court. *See Isbell v. State*, 326 Ark. 17, 23, 931 S.W.2d 74, 78 (1996) (citing *Suggs v. State*, 322 Ark. 40, 907 S.W.2d 124 (1995)); *see also Laswell v. State*, 2012 Ark. 201, at 15, 404 S.W.3d 818, 827 (holding that minor uncertainties in the proof of chain of custody are matters to be argued by counsel and weighed by the jury, but they do not render the evidence inadmissible as a matter of law). Lee failed to offer a meritorious basis for an objection to any of the evidence at issue.

Lee did not demonstrate error in the trial court's denial of postconviction relief. Accordingly, we affirm.

Affirmed; motion moot.

*Terry Antonio Lee*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Brooke Jackson*, Ass't Att'y Gen., for appellee.