Cite as 2019 Ark. App. 447

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CR-19-191

| | | |
|---|---|---|
| | | **Opinion Delivered:** October 16, 2019 |
| JAMAL AKRAM | APPELLANT | APPEAL FROM THE MISSISSIPPI COUNTY CIRCUIT COURT, CHICKASAWBA DISTRICT [NO. 47BCR-16-94] |
| V. | | |
| STATE OF ARKANSAS | APPELLEE | HONORABLE RALPH WILSON, JR., JUDGE |
| | | AFFIRMED |

## RAYMOND R. ABRAMSON, Judge

Appellant Jamal Akram was convicted by a Mississippi County jury of first-degree murder and was sentenced as a habitual offender to sixty years' imprisonment. This court upheld his conviction in *Akram v. State*, 2018 Ark. App. 504, 560 S.W.3d 509. Akram filed a Rule 37 petition challenging issues concerning his waiver of counsel at trial as well as a claim of ineffective assistance of appellate counsel. On January 14, 2019, the circuit court denied his petition. Akram now appeals the circuit court's denial of his petition. On appeal, he argues that his waiver of trial counsel was invalid because his request to represent himself was equivocal and untimely, and he had ineffective assistance of appellate counsel on direct appeal. Neither point has merit, and we affirm.

Akram's conviction stems from the beating death of his live-in girlfriend, whose body was found in their home on March 18, 2016. Prior to the start of the second day of trial,

Akram asked to represent himself. After the circuit court delivered a lengthy lecture about the dangers of self-representation and a thorough inquiry into Akram's desire to represent himself, Akram signed a waiver of counsel and was allowed to represent himself.

When reviewing a circuit court's ruling on a Rule 37 petition, we will not reverse the circuit court's decision granting or denying postconviction relief unless it is clearly erroneous. *E.g.*, *Nichols v. State*, 2017 Ark. 129, at 2, 517 S.W.3d 404, 407. A decision is clearly erroneous if, even with evidence to support the decision, this court "is left with the definite and firm conviction that a mistake has been committed." *Id*.

A defendant has a constitutional right to self-representation. *Faretta v. California*, 422 U.S. 806 (1975). This necessarily requires the waiver of the right to be represented by counsel, which is a personal right that may be waived at the pretrial stage or at trial. *E.g.*, *Jarrett v. State*, 371 Ark. 100, 104, 263 S.W.3d 538, 542 (2007). A criminal defendant may invoke his right to defend himself pro se if "(1) the request to waive the right to counsel is unequivocal and timely asserted, (2) there has been a knowing and intelligent waiver of the right to counsel, and (3) the defendant has not engaged in conduct that would prevent the fair and orderly exposition of the issues." *Id*., 263 S.W.3d at 541. Every reasonable presumption must be indulged against the waiver of fundamental constitutional rights, and it is the State's burden to show that a defendant voluntarily and intelligently waived his fundamental right to the assistance of counsel. *Walton v. State*, 2012 Ark. 336, at 8, 423 S.W.3d 56, 61.

We first note that Akram has no cause of action in a Rule 37 proceeding to pursue a *Faretta* claim because his argument here could have been raised on direct appeal. *See Oliver*

*v. State*, 323 Ark. 743, 918 S.W.3d 690 (1996). Akram alleges that his waiver of the right to be represented by counsel was not valid because it was not timely and was equivocal. However, his arguments that the circuit court erred in allowing him to proceed pro se were not raised to the trial court or on direct appeal. Akram's claim that his waiver to proceed pro se was invalid is not cognizable in Rule 37 proceedings because Rule 37 is not available to raise questions of trial error, even questions of constitutional dimension. *Lee v. State*, 2017 Ark. 337, 532 S.W.3d 43. For our court to address such a question raised by the appellant for the first time in Rule 37 proceedings, the appellant must show a fundamental error sufficient to void the judgment. *Id.* Such is not the case here; accordingly, we could summarily affirm.

However, were we to address the merits of Akram's claim, we would affirm the circuit court. Akram stated at the beginning of the second day of trial that he no longer wanted his appointed attorney to represent him and that he wanted the trial ended and another attorney appointed. He made it clear that if the circuit court would not appoint another attorney, he wanted to represent himself. Akram went on to emphasize that the trial concerned his freedom, and if he were to have to serve time, he would want to do so "behind [his] mouth[.]" The circuit court spent a considerable amount of time explaining to Akram the dangers and pitfalls of representing himself. Following a lengthy colloquy, the circuit court once again asked Akram if he wanted to represent himself. Akram then asked that he be allowed to listen with defense counsel to an audio recording of the 9-1-1 call. The court granted his request, and recessed.

3

After returning from recess, Akram indicated that he still wanted to represent himself, and the circuit court again explained the dangers and disadvantages of self-representation and urged him to "consider permitting counsel to represent you." Akram reiterated his desire to represent himself and then executed a waiver of counsel.

In his Rule 37 petition, Akram alleged that his waiver of counsel was equivocal. We disagree. There was nothing ambiguous about Akram's waiver of trial counsel and his clearly stated desire to represent himself. Akram was asked multiple times about waiving counsel and representing himself, and each time he unequivocally stated that this was his desire. Akram signed a waiver of counsel despite the repeated warnings of the lower court.

Akram also argues that his waiver of counsel was invalid because it was untimely. The waiver of counsel made by a defendant must be timely. *E.g.*, *Jarrett*, 371 Ark. at 104, 263 S.W.3d at 541. However, the issue of timeliness is not clearly defined. In *Faretta*, 422 U.S. at 835, the defendant made his request weeks before trial. The Supreme Court of the United States noted in a different case that most courts have a requirement that a *Faretta* request be made in a timely fashion. *Martinez v. Ct. App. Cal., Fourth Appellate Dist.*, 528 U.S. 152, 162 (2000).

A request to represent oneself is often closely tied to complaints about appointed defense counsel, and the right to counsel cannot be used to "frustrate the inherent power of the court to command an orderly, efficient, and effective administration of justice." *Jarrett*, 371 Ark. at 104–05, 263 S.W.3d at 542. Thus, the logical reading of the timeliness requirement is that it refers to the ability of the circuit court to efficiently and effectively

control the docket and administer justice, and a request to waive defense counsel can be denied as untimely if the circuit court finds it would interfere with these aims. *Id.*

A timely request to waive trial counsel can be reversible error if not granted. *See Pierce v. State*, 362 Ark. 491, 504, 209 S.W.3d 364, 371 (2005). However, we also acknowledge that there is no bright-line rule about the timeliness of a *Faretta* request. Our standard of review is whether the circuit court's finding that the waiver of rights was knowingly and intelligently made was clearly against the preponderance of the evidence. *Bogard v. State*, 311 Ark. 412, 414, 844 S.W.2d 347, 349 (1993).

The State contends that the timeliness requirement should be read as a tool for circuit courts to manage their dockets and administer justice and not as a gateway to reverse an otherwise valid waiver. We agree. Akram's argument that it was reversible error for the circuit court to grant his otherwise valid request to represent himself on the second day of the trial is unsupported by case law.

Akram's second argument is that his appellate counsel was ineffective for not challenging the validity of his waiver to proceed pro se at trial. While he raised this claim in his Rule 37 petition, he failed to get a ruling from the circuit court. The circuit court's order denying his petition did not address this claim. We therefore cannot reach the merits of his second point on appeal because it is not preserved for our review. *See Crippen v. State*, 2019 Ark. App. 291, 577 S.W.3d 390.

In the postconviction context, when the circuit court provides written findings on at least one, but fewer than all, of the petitioner's claims, our supreme court has held that an appellant has an obligation to obtain a ruling on any omitted issues if they are to be

considered on appeal. *Cowan v. State*, 2011 Ark. 537, at 3. If the order does not contain a ruling on an issue or issues, it is incumbent on the appellant to file a motion asking the court to address the omitted issues. *Id.* The requirement that an appellant obtain a ruling on all issues he or she wishes to raise on appeal is procedural, and all appellants, including those proceeding without counsel, are responsible for following procedural rules in perfecting an appeal. *Id.* Matters left unresolved are waived and may not be raised on appeal. *Id.* Because Akram failed to get a ruling from the circuit court on his second point on appeal, it is not preserved.

Having considered the arguments raised by Akram in this appeal, the record, and the circuit court's order, we find no error and affirm.

Affirmed.

GLADWIN and WHITEAKER, JJ., agree.

*Jamal Akram*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Chris R. Warthen*, Ass't Att'y Gen., for appellee.